IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL B. WILLIAMS, ) | | |
| ID # 1553753 (formerly # 1535319), ) | | |
| Plaintiff, ) | | |
| vs. ) | No. 3:09-CV-0296-B (BH) | |
| ) | | |
| JONATHAN A. DAVIS, et al., ) | Referred to U.S. Magistrate Judge | |
| Defendants. ) | | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court, this case has been referred to the United States Magistrate Judge for findings, conclusions, and recommendation.

### I. BACKGROUND

Plaintiff, a prisoner in the Texas prison system, filed this action pursuant to 42 U.S.C. § 1983 against the Texas Department of Criminal Justice-CID Region 1 ("TDCJ") and four employees of the Hutchins State Jail located in Dallas, Texas. (Compl. at 3.) He sues Officer Jonathan Davis for assaulting him on January 17, 2009. (*Id.* at attached unnumbered page.) According to Plaintiff, on January 17, 2009, Officer Davis ordered him "to go back to the dorm, sit on a bench, and not to move." A few minutes later, Officer Davis ordered him "to get up and go to work." When Plaintiff failed to comply with the second order by informing Officer Davis that compliance would violate his initial order, Officer Davis struck Plaintiff across the face and said "so now your [sic] not going to go to work?" Plaintiff replied, "Sir, you told me not to move. I wanted to go to work, but you gave me a direct order not to and said I was not going to work today. At that point, Officer Davis "yanked or jerked" Plaintiff from the bench and into the air. (Answer to Question 2 of Magistrate

Judge's Questionnaire (MJQ).[1]) Plaintiff sues Officer Tashawna S. Bowser because she "saw or witnessed the brutal assault . . . and did nothing." (Compl. at attached page.) He sues Sergeant Robert L. Mark and Lieutenant Christopher C. Hernandez for not allowing him to press charges against Officer Davis and for endangering him by allowing Officer Davis to work in his dorm a couple days after the assault. (*Id.*) Plaintiff claims TDCJ is responsible for letting Officer Davis abuse his power and for hiring and keeping staff that jeopardized his safety. (*Id.*)

Plaintiff allegedly experienced substantial pain in the middle of his back and between his shoulder blades, a swollen and tender right thumb, and a stiff neck with limited range of motion as a result of the assault. (*See* Answer to Question 1 of MJQ.) His eyeglasses were also damaged when Officer Davis backhanded him across the face. (*Id.*) Plaintiff seeks $1,000,000 in various damages, acquittal of his TDCJ conviction and a state jail felony, and to hold defendants accountable for their actions. (Compl. at 4; Answer to Question 3 of MJQ.)

No process has been issued in this case.

## II. PRELIMINARY SCREENING

As a prisoner seeking redress from a governmental entity and an officer or employee of such an entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998). On February 19, 2009, the Court granted Plaintiff permission to proceed with this action *in forma pauperis*. Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint or a portion thereof if it is

---

[1] Plaintiff's answers to the questions posed by the Court constitute an amendment to the filed complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See id.*

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

### III. SECTION 1983

Plaintiff seeks relief under 42 U.S.C. § 1983 for acts and omissions related to the alleged January 17, 2009 assault by Officer Davis. Section 1983 provides a federal cause of action and affords redress for the "deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005). "Plaintiffs who assert claims under 42 U.S.C. § 1983 and other civil rights statutes . . . must plead the operative facts upon which their claim is based. Mere conclusory allegations are insufficient." *Holdiness v. Stroud*, 808 F.2d 417, 424 (5th Cir. 1987).

**A. TDCJ**

*1. Acquittal*

As part of his requested relief in this action, Plaintiff expressly seeks acquittal of his TDCJ convictions and appears to seek criminal charges against the individual defendants. Release from

3

imprisonment, however, is an inappropriate remedy in an action brought pursuant to 42 U.S.C. § 1983. *See Wolff v. McDonnell*, 418 U.S. 539, 554 (1974). Similarly, acquittal of a conviction is not an appropriate § 1983 remedy. Furthermore, to the extent Plaintiff seeks to criminally prosecute someone, "such relief is not available in a § 1983 civil rights action." *See Worthy v. Francis*, No. 3:02-CV-2102-N, 2002 WL 31553847, at *2 (N.D. Tex. Nov. 14, 2002) (accepting recommendation of Mag. J.). "Criminal statutes can neither be enforced by civil action nor by private parties." *Hassell v. United States,* No. 3:97-CV-1882-P, 1999 WL 444554, at *2 (N.D. Tex. May 28, 1999). There is no constitutional right to have someone criminally prosecuted. *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). Plaintiff's requested relief is unavailable in this § 1983 action.

### 2. *Monetary damages*

Plaintiff also seeks monetary damages from TDCJ for letting Officer Davis abuse his power and for hiring and retaining staff that placed his safety in jeopardy.

The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." "This withdrawal of jurisdiction effectively confers an immunity from suit." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). Stated simply, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Although Congress has the power to abrogate that immunity through the Fourteenth Amendment, *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72-76 (2000), and the State may waive its immunity by consenting to suit, *AT&T Communic'ns v. BellSouth Telecomms. Inc.*, 238 F.3d 636, 643 (5th Cir. 2001), the State has not waived its immunity

4

by consenting to suit nor has Congress abrogated the Eleventh Amendment immunity by enacting 42 U.S.C. § 1983, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). It is well-settled that the Eleventh Amendment to the United States Constitution cloaks State instrumentalities such as TDCJ with immunity from suits for monetary damages. *Aguilar v. Tex. Dep't of Crim. Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

TDCJ is immune from monetary relief in this case, and Plaintiff's claims should be dismissed under 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

## B. Officer Davis

Plaintiff seeks monetary relief from Officer Davis for his use of excessive force on January 17, 2009. To prevail on a claim of excessive force, a plaintiff must demonstrate that the use of force was not "applied in a good-faith effort to maintain or restore discipline", but instead, was used "maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)). Plaintiff has sufficiently alleged that Officer Davis did not apply the force used against him in a good-faith effort to maintain or restore discipline. His factual allegations reasonably suggest that Officer Davis acted maliciously and sadistically to cause harm. Plaintiff's allegations against Officer Davis are sufficient to survive the frivolity screening.

## C. Officer Bowser

Plaintiff seeks monetary relief from Officer Bowser for taking no action despite observing the excessive force exerted by Officer Davis. The Fifth Circuit has long held that an "officer who is present at the scene and does not take reasonable measures to protect a suspect from another officer's use of excessive force may be liable under section 1983." *Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995); *accord Elliot v. Linnell*, 269 Fed. App'x 450, 451 (5th Cir. 2008) (per curiam).

5

The same reasoning applies when a prison guard fails to take reasonable measures to protect an inmate from another guard's use of excessive force. *Davis v. Cannon*, 91 Fed. App'x 327, 329 (5th Cir. 2004) (applying *Hale* in the prison context but finding no bystander liability because there was no excessive force); *Garza v. U.S. Marshals Serv.*, No. Civ.A. B-07-052, 2008 WL 501292, at *3 (S.D. Tex. Feb. 21, 2008) (finding that failure-to-protect claim asserted against a bystander guard survived motion to dismiss).

Here, Plaintiff alleges that Officer Bowser did nothing while Officer Davis physically assaulted him. Plaintiff has sufficiently alleged a § 1983 claim against Officer Bowser that survives frivolity screening.

### D. Sergeant Mark and Lieutenant Hernandez

Plaintiff seeks monetary relief from Sergeant Mark and Lieutenant Hernandez because they would not allow him to press outside charges against Officer Davis. Plaintiff also seeks monetary relief from Sergeant Mark and Lieutenant Hernandez because they placed his life in danger by allowing Officer Davis to work in his dorm following the assault.

Because there is no constitutional right to have someone criminally prosecuted, *see Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990), Defendants Mark and Hernandez did not violate any constitutional right of Plaintiff by not allowing him to press outside charges against Officer Davis. This claim lacks an arguable basis in law and is frivolous.

As for the life endangerment claim, this is no different than a claim that prison officials were deliberately indifferent to an inmate's safety for purposes of § 1983. *White v. Sloan*, No. 9:06-CV-141, 2006 WL 2884945, at *7 (E.D. Tex. Oct. 6, 2006). This type of claim arises under the Eighth

6

Amendment of the United States Constitution.[2] *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Although comfortable prisons are not constitutionally mandated, the Constitution does not permit inhumane prison conditions which violate the Eighth Amendment. *Id.* Humane conditions include "reasonable measures to guarantee the safety of the inmates." *Id.* Prison officials are not "liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." *Id.* at 837.

To prevail on a failure to protect claim, "the prisoner must demonstrate that 'he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection.'" *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999) (quoting *Newton v. Black*, 133 F.3d 301, 308 (5th Cir. 1998)). In addition, the indifference must actually and proximately cause harm to the plaintiff. *See Ward v. Dallas County Jail*, No. 3:01-CV-1395-N, 2004 WL 2534044, at *2 (N.D. Tex. Nov. 8, 2004) (citing *Leer v. Murphy*, 844 F.2d 628 (9th Cir. 1988)).

Here, Plaintiff alleges that Defendants Mark and Hernandez knew of the January 17, 2009 assault but allowed Officer Davis to work in Plaintiff's dorm a couple of days later. He makes no allegation that either Defendant Mark or Defendant Hernandez knew of any prior incidents involving Officer Davis or Plaintiff, however. His complaint also lacks any allegation that either defendant disregarded a request to separate him from Officer Davis or was authorized to alter the duties assigned to Officer Davis. Notably absent from his complaint is any allegation that allowing Officer Davis to work in his dorm following the January 2009 assault actually or proximately caused him

---

[2] The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The prohibition "is applicable to the States by reason of the Due Process Clause of the Fourteenth Amendment." *Robinson v. California*, 370 U.S. 660, 675 (1962).

7

any harm, that Defendants Mark and Hernandez knew of and disregarded an excessive risk of harm to Plaintiff, or that those defendants were deliberately indifferent to his safety.

Plaintiff's alleged facts are insufficient to state a failure-to-protect claim that is plausible on its face. Consequently, Plaintiff's life endangerment claim should be dismissed for failure to state a claim upon which relief can be granted.

## IV. RECOMMENDATION

The District Court should summarily **DISMISS** Plaintiff's complaint with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), except for the excessive force claim asserted against Officer Davis and the bystander claim against Officer Bowser. Those claims should proceed and process should issue to those officers.

**SIGNED this 17th day of March, 2009.**

**IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE**

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE