IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL B. WILLIAMS, | § | |
| ID # 1553753 (formerly # 1535319), | § | |
| Plaintiff, | § | |
| v. | § | No. 3:09-CV-0296-B-BH |
| | § | |
| JONATHAN A. DAVIS, et al., | § | |
| Defendants. | § | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b) and the District Court's *Order Referring Motion*, filed September 16, 2009, before the Court for hearing, if necessary, and recommendation is *Defendants Davis and Bowser's Motion for Judgment on the Pleadings* (doc. 28) ("Mot."). Based on the relevant filings and applicable law, the motion is converted to one for summary judgment, and as such should be **GRANTED**.

**I. BACKGROUND**

Plaintiff, a prisoner in the Texas prison system, filed this action pursuant to 42 U.S.C. § 1983 against the Texas Department of Criminal Justice-CID Region 1 ("TDCJ") and two employees of the Hutchins State Jail located in Dallas, Texas.[1] (Compl. at 3.) He claims that Officer Jonathan Davis assaulted him on January 17, 2009, while Plaintiff was incarcerated in the Hutchins State Jail. (Compl. at attached unnumbered page.) He also claims that Officer Tashawna S. Bowser "saw or witnessed the brutal assault . . . and did nothing." (*Id.*)

On August 3, 2009, the defendants filed a motion for judgment on the pleadings. (Mot. at 1.) Plaintiff has filed no response to the motion.

---

[1] Plaintiff originally also sued two other employees, but the claims against those defendants were dismissed by order dated April 6, 2009. (*See* Order of Apr. 6, 2009.)

## II.  CONSTRUCTION OF MOTION

Defendants move for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) on grounds that Plaintiff failed to exhaust his administrative remedies.  (Mot. at 1-5.)  In support, they rely on exhibits attached to their motion, including a business records affidavit, plaintiff's grievance record, and portions of the TDCJ Offender Orientation Handbook.  (*Id.* at Ex. A-C.)

Parties may move for judgment on the pleadings "[a]fter the pleadings are closed – but early enough not to delay trial."  Fed. R. Civ. P. 12(c).  Rule 12(c) motions are "designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts."  *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (citation omitted).  The standard for deciding a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss.  *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).

Under the 12(b)(6) standard, a court cannot look beyond the pleadings.  *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  In the 12(b)(6) context, pleadings include attachments to the complaint.  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  Documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim."  *Collins*, 224 F.3d at 499 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003).  In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record."  *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343

n.6 (5th Cir. 1994).

When a party presents "matters outside the pleading" with a Rule 12(b)(6) motion to dismiss, the Court has "complete discretion" to either accept or exclude the evidence for purposes of the motion to dismiss. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 & n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 Fed. App'x 775, 783 (5th Cir. 2007). However, "[i]f . . . matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56", and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

In this case, Defendants have attached to their motion a grievance that Plaintiff referred to and attached to his complaint as well as matters outside the pleadings, including a business records affidavit, Plaintiff's grievance records, and portions of an inmate handbook. These submissions are not a matter of public record subject to judicial notice. Since Defendants' motion to dismiss relies on attached exhibits that are matters outside the pleadings, the Court cannot consider this evidence without converting the motion to dismiss into one for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 539 (5th Cir. 2003) (holding that district court should have converted a motion to dismiss to a motion for summary judgment before considering the evidence submitted in support of the motion to dismiss). Because the Court finds that consideration of the exhibits is likely to facilitate the disposition of the case, it exercises its complete discretion to accept them. Consequently, Defendants' motion to dismiss is converted to one for summary judgment under Rule 56, and the parties will be provided with the procedural safeguards for Rule 56 motions. *See* Fed. R. Civ. P. 12(d).

Rule 56 provides that a summary judgment motion must be served at least ten days prior to a hearing. The ten-day period for objection to this recommendation pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b) provides the parties the requisite ten days' notice that the Court has accepted matters outside the pleadings for consideration and that the motion to dismiss is therefore being considered as a motion for summary judgment. *See Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1284 (5th Cir.1990). Within ten days from the date that this recommendation is filed, Plaintiff may file a brief and any evidence that demonstrates why summary judgment should not be granted in this case.

### III. SUMMARY JUDGMENT

**A.     Legal Standard**

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id*. The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The pleadings, discovery and disclosure materials on file, and affidavits, if any, must demonstrate that no genuine issue of material fact exists. Fed. R. Civ. P. 56(c).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial.

*Celotex*, 477 U.S. at 324. To carry this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor. *Anderson*, 477 U.S. at 249.

While all of the evidence must be viewed in a light most favorable to the motion's opponent, *id*. at 255, neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's summary judgment burden, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to his case and as to which he will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

Generally, the courts liberally construe the pleadings of a *pro se* plaintiff. *See*, *e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam). However, the courts have no obligation under Fed. R. Civ. P. 56 "to sift through the record in search of evidence to support a party's opposition to summary judgment." *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)). Instead, a party opposing summary judgment must "identify specific evidence in the record" that supports the challenged claims and "articulate the precise manner in which that evidence supports [a challenged] claim." *Ragas*, 136 F.3d at 458 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)).

**B.     42 U.S.C. § 1983**

Plaintiff seeks relief under 42 U.S.C. § 1983 for acts and omissions related to an alleged

January 17, 2009 assault by Officer Davis. Section 1983 provides a federal cause of action and affords redress for the "deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

In addition to satisfying those substantive requirements for a § 1983 action, plaintiffs must exhaust their administrative remedies for claims regarding prison conditions. "No action shall be brought with respect to prison conditions under § 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a), as amended by the Prison Litigation Reform Act of 1996 ("PLRA"). This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion under the PLRA is mandatory, and the requirement is strictly construed. *See Woodford v. Ngo*, 548 U.S. 81, 85 (2006). Exhaustion is a prerequisite to suit even when the prisoner seeks relief not available in grievance proceedings such as money damages. *See Booth v. Churner*, 532 U.S. 731, 740-41 (2001).

Failure to exhaust administrative remedies under the PLRA is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216 ( 2007); *Carbe v. Lappin*, 492 F.3d 325, 327 (5th Cir. 2007). Defendants therefore have the burden on summary judgment to establish that Plaintiff did not make use of the

available administrative remedies at TDCJ. *See Crescent Towing & Salvage Co., Inc. v. M/V Anax*, 40 F.3d 741, 744 (5th Cir. 1994) (affirmative defense requires the movant on summary judgment to establish each element of defense as a matter of law) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)); *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (where the movant bears the burden of proof on an issue, he must establish all of the essential elements of a claim to warrant judgment in his favor).

Because the Hutchins State Jail is part of the TDCJ, inmates housed there must exhaust established TDCJ administrative remedies. *Fisher v. Simpson*, No. 3:04-CV-0647-L, 2004 WL 743695, at *2 (N.D. Tex. Apr 5, 2004) (recommendation of Mag. J.), *accepted by* 2004 WL 905801 (N.D. Tex. Apr. 26, 2004). There is no dispute as to the required procedures that a TDCJ inmate must follow in order to exhaust in accordance with § 1997e(a). TDCJ prisoners must pursue their administrative remedies under the two-step grievance procedure applicable in the Texas prison system. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). An inmate has fifteen days from the date of the complained-of incident to file a Step 1 grievance, which is handled within the prison facility. *Id.* If the prison returns a grievance unprocessed, the inmate has fifteen days to correct the grievance and resubmit it. (*See* Aff. Murphy.) If unsatisfied with the response to a processed Step 1 grievance, the inmate has fifteen days to file a Step 2 grievance (*id.*), which is handled at the state level, *Johnson*, 385 F.3d at 515.[2]

The records in this case reflect that Plaintiff filed a grievance against Officer Davis that was returned unprocessed because he sought inappropriate relief, *i.e.*, the termination of the officer. (*See* Aff. Murphy; Grievance, attached as part of Ex. B.) The grievance does not mention Officer

---

[2] *Johnson* noted that inmates have ten days to file a Step 2 grievance. Defendants' submitted affidavit shows that the time period has been extended to fifteen days.

Bowser. (*See* Grievance.) Plaintiff did not correct the Step 1 grievance and resubmit it for consideration. (*See* Aff. Murphy.) Nor did he file a Step 2 grievance regarding the incident with Officer Davis. (*See id.*)

Through the submitted evidence, Defendants have carried their summary judgment burden to show that Plaintiff has not exhausted his administrative remedies. By not responding to the motion, Plaintiff has proffered nothing to counter Defendants' evidence, and has created no genuine issue of material fact with respect to whether he has exhausted his administrative remedies. Without a response, Plaintiff is relegated to his verified complaint which does not show that he has exhausted his administrative remedies.

When a prisoner fails to exhaust his administrative remedies prior to filing suit, without a valid excuse, the court may dismiss the action without prejudice to its refiling after the prisoner exhausts his administrative remedies. *See Wendell v. Asher*, 162 F.3d 887, 890-92 (5th Cir. 1998);[3] *Gordon v. Pettiford*, 271 Fed. App'x 464, 464 (5th Cir. 2008) (per curiam). Nevertheless, when exhaustion is precluded due to deadlines for exhausting administrative remedies, the action is properly dismissed with prejudice. *Johnson v. La. ex rel. La. Dep't of Pub. Safety & Corr.*, 468 F.3d 278, 278-81 (5th Cir. 2006) (per curiam); *Dears v. Tunaitis*, No. 3:08-CV-1934-M, 2009 WL 1231769, at *2 n.2 (N.D. Tex. May 4, 2009) (accepting recommendation of Mag. J.). The Court does not "inquire whether administrative procedures satisfy minimum acceptable standards of fairness and effectiveness"; prisoners simply "must exhaust such administrative remedies as are available, whatever they may be." *Alexander v. Tippah County*, 351 F.3d 626, 630 (5th Cir. 2003) (cita-

---

[3] The Court recognizes that *Wendell* was partially overruled by implication by *Jones v. Bock*, 549 U.S. 199 (2007). *See Richbourg v. Horton*, No. 08-10443, 2008 WL 5068680, at *1 (5th Cir. Dec. 2, 2008) (per curiam). *Wendell* is cited for a proposition that remains good law post-*Jones*.

8

tions and internal quotation marks omitted). Furthermore, substantial compliance with administrative procedures is insufficient to permit pursuit of a federal lawsuit. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). Unless the prisoner pursues his "grievance remedy to conclusion", he has not exhausted "available remedies." *Id.*

Because Defendants have shown that no genuine issue of material fact exists with respect to Plaintiff's exhaustion of administrative remedies, the Court should dismiss Plaintiff's claims against them with prejudice. Given the deadlines for filing grievances in TDCJ facilities, Plaintiff is precluded from exhausting his administrative remedies at this time.

## IV. CONCLUSION

Pursuant to Fed. R. Civ. P. 12(d), *Defendants Davis and Bowser's Motion for Judgment on the Pleadings* (doc. 28), filed August 3, 2009, is converted to one for summary judgment under Fed. R. Civ. P. 56. Within ten days from the date that this recommendation is filed, Plaintiff may file a brief and any evidence that demonstrates why summary judgment should not be granted. If Plaintiff fails to respond, or if he responds but fails to show why summary judgment should not be granted, the Court should **GRANT** Defendants' motion for summary judgment and dismiss Plaintiff's claims against Jonathan Davis and Tashawna S. Bowser with prejudice.

**SO RECOMMENDED** on this 30th day of September, 2009.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE